IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE 5,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHERN ILLINOIS UNIVERSITY,<br>d/b/a SOUTHERN ILLINOIS<br>UNIVERSITY AT CARBONDALE, and<br>DR. KAREN RENZAGLIA,<br><br>        Defendants. | Case No. 19-CV-00934-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendants Southern Illinois University at Carbondale and Dr. Karen Renzaglia (Doc. 34) and a Response to Defendants' Motion to Dismiss filed by Plaintiff Jane Doe 5 (Doc. 51). For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

### FACTUAL & PROCEDURAL BACKGROUND

Jane Doe 5 was a research and education specialist at Southern Illinois University at Carbondale ("SIUC") in the Plant Biology Department from May 2016 to May 2018 (*Id.*, ¶ 15, Doc. 35, p. 2). Nicholas Flowers[1] was a former graduate student at SIUC in the same department as Doe (Doc. 29, ¶ 22, Doc. 35, p. 2). Defendant Dr. Karen Renzaglia is a professor of Plant Biology at SIUC (Doc. 29, ¶ 9).

---

[1] Doe filed a Motion to Voluntarily Dismiss Defendant Nicholas Flowers Without Prejudice after she made several failed attempts to serve him (Doc. 48). The Court dismissed Flowers from the case in January 2020 (Doc. 52). Count VI of the Amended Complaint was brought solely against Flowers (Doc. 29, pp. 21-22).

According to the Amended Complaint, Renzaglia, while working for SIUC as Doe's supervisor, pressured Doe to enter a romantic relationship with Flowers, a grad student Renzaglia was close to, co-authored scholarly articles with, and, at times, shared an office with (*Id.*, ¶¶ 36, 37). In September 2016, after going to see a band with Flowers, Doe alleges she was raped by Flowers while she was unconscious (*Id.*, ¶¶ 39, 40). She did not report the sexual assault (*Id.*, ¶ 41, Doc. 35, p. 3). Following the rape, Doe claims that Flowers kept pursuing her and continued to hurt her physically, emotionally, and sexually (Doc. 29, ¶¶ 42, 43). Renzaglia continued encouraging a romantic relationship between the two (*Id.*, ¶ 42).

In December 2017, Renzaglia told Doe that she had fired two previous employees in Doe's position, and that she gave them negative professional reviews, which made Doe think that her position was insecure (*Id.*, ¶ 46). Renzaglia further told Doe that she had knowledge that Flowers was violent with women and asked Doe if Flowers had been violent with her (*Id.*, ¶ 47). Doe states that she did not reveal Flowers's violent tendencies to Renzaglia because she feared retribution and retaliation from Renzaglia and SIUC (*Id.*, ¶ 48).

In February 2018, Renzaglia kicked Flowers out of her office after having an argument with him (*Id.*, ¶ 49). Seeing this incident as an opportunity to escape the abusive situation (*Id.*, ¶ 50), on March 25, 2018, Doe reported to Renzaglia what Flowers had done to her (*Id.*, ¶ 51). Renzaglia asked Doe if she had said "no" and if it was just "rough sex" (*Id.*, ¶ 52). Renzaglia did not report the complaint until April 20, 2018, which was after Doe told Renzaglia that she was planning to report Flowers to the police (*Id.*, ¶ 53).

On April 24, 2018, Doe reported to the Carbondale Police Department that Flowers had sexually and physically assaulted her multiple times from 2016 to 2018 (*Id.*, ¶ 54). Following the report, Doe alleges that Renzaglia repeatedly asked her for details of the sexual abuse and failed to keep the issue confidential (*Id.*, ¶ 58). Doe says she could hear her co-workers discussing her abuse while she was at work (*Id.*). Doe claims she repeatedly told her Department Chair, Sara Baer, as well as Renzaglia, that she felt unsafe on campus (*Id.*, ¶ 65), but both SIUC and Renzaglia did not provide a safe workplace by prohibiting Flowers's presence on campus (*Id.*, ¶ 64).

Doe further reported to Chair Baer on two occasions that Renzaglia had been harassing her and asking her inappropriate questions (*Id.*, ¶ 66, 70). Baer purportedly did not take any action to provide safety to Doe (*Id.*, ¶ 67). Doe then reported Renzaglia's harassment to the police (*Id.*, ¶ 68). When contacted by the police, Baer said that she was aware of the problem and would speak to Renzaglia (*Id.*, ¶ 69).

Eventually, Doe requested Family and Medical Leave Act ("FMLA") leave from her employment (*Id.*, ¶ 71, Doc. 35, p. 3) because, she states, it became too much for her to bear the harassment, retaliation, and fear for her safety (Doc. 29, ¶ 71). When Doe informed Renzaglia that she would take FMLA leave, she claims that Renzaglia criticized her in person in front of other staff (*Id.*, ¶ 73). Renzaglia accused her of not performing her job and being overpaid (*Id.*). Doe asserts that Renzaglia had not made negative comments about her performance before she reported Flowers for sexual assault (*Id.*).

In May 2018, Doe began a leave of absence (*Id.*, ¶ 75, Doc. 35, p. 3). Her employment was discharged less than one month later (Doc. 29, ¶ 76). Doe then filed a

Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against SIUC (*Id.*, ¶ 81), and received a Notice of Right to Sue from the EEOC in June 2019 (*Id.*, ¶ 84). Doe initiated this lawsuit in August 2019 (Doc. 1), and she filed an Amended Complaint in November of that same year (Doc. 29).

In her Amended Complaint, Doe alleges that, from 2016 to 2018, she suffered extraordinary and severe harm due to sexual, physical, and emotional assaults from Flowers (*Id.*, ¶¶ 132-136), and a sexually hostile work environment created by SIUC (*Id.*, ¶¶ 89, 90, 108, 118). Doe claims that SIUC and Renzaglia failed to take appropriate actions to protect her against sexual harassment at SIUC (*Id.*, ¶¶ 92-102, 103-113, 126-131), despite having actual notice of Flowers's past lewd and inappropriate conduct (*Id.*, ¶¶ 94, 130); discriminated against her in the context of her employment at SIUC (*Id.*, ¶¶ 88-91); and retaliated against her for reporting the sexual abuse (*Id.*, ¶¶ 114-125), all in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 ("Title IX"), Civil Rights Act of 1871, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), as well as the rights guaranteed to her by the United States and Illinois Constitutions, statutes, laws, and regulations (*Id.*, pp. 14- 26, Doc. 34, ¶ 4). Specifically, Doe brings six claims:

**Count I:** Violations pursuant to 20 U.S.C. § 1681(C), Title IX of the Education Amendments Act of 1972 against SIUC and Renzaglia;

**Count II:** Civil Rights Violation pursuant to 42 U.S.C. § 1983 Substantive Due Process, State Created Danger against Renzaglia;

**Count III:** Sexual Harassment under Title VII of the Civil Rights Act of 1964 against SIUC;

**Count IV:** Retaliation under Title VII of the Civil Rights Act of 1964 against SIUC;

**Count V:** Negligence and Negligent Supervision against SIUC.

(Doc. 29, pp. 14-21).

In December 2019, Defendants SIUC and Renzaglia (collectively "Defendants") filed a Motion to Dismiss Counts I, II, and V of Doe's Amended Complaint (Doc. 34). Defendants argue that Counts I and II should be dismissed for failure to state claims upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 35, pp. 5-13), and Count V should be dismissed because this Court lacks subject matter jurisdiction over this claim because the Illinois Court of Claims has exclusive jurisdiction (*Id.*, pp. 13-14). Doe filed a Response to Defendants' Motion to Dismiss in January 2020. (Doc. 51).

## LEGAL STANDARD

Defendants move to dismiss under 12(b)(6) of the Federal Rule of Civil Procedure. In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), a court must determine whether the complaint includes "enough factual information to state a claim to relief that is plausible on its face" and raise a right to relief above the speculative level. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court of Appeals for the Seventh Circuit has clarified that, even after *Twombly*, courts must still approach Rule 12(b)(6) motions by construing the complaint in the light

most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert denied,* 668 U.S. 1148 (2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

## ANALYSIS

### I. Motion to Dismiss Title IX Claim (Count I)

#### A. Title IX Claim against Renzaglia

Defendants first argue that Doe's Title IX claim should be dismissed against Renzaglia because she does not have a claim against Renzaglia under Title IX. Title IX provides, in relevant part: "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681.

Although neither the Supreme Court of the United States nor the United States Court of Appeals for the Seventh Circuit has addressed the issue of individual liability under Title IX, the Supreme Court has held that the purpose of Title IX is to prevent discrimination by grant recipients. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998); *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 658 (1999). Additionally, the Seventh Circuit has held that Title IX claims may "only be brought against a grant recipient and *not an individual.*" *Smith v. Metro. Sch. Dict. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997) (emphasis added).

Acknowledging that the Count I Title IX claim can only be brought against SIUC, Doe voluntarily dismisses this claim against Renzaglia in her Response to Defendants' Motion to Dismiss. Accordingly, the Court dismisses Renzaglia from Count I.

**B. Title IX Claim against SIUC**

Next, Defendants allege that the Title IX claim against SIUC is preempted by the Title VII claims. Citing cases from the Northern District of Illinois and one Seventh Circuit case, Defendants assert that Title VII provides an exclusive remedy for employees alleging discrimination on the basis of sex in federally funded education institutions. *See Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857, 862 (7th Cir. 1996); *Ludlow v. Nw. Univ.*, 125 F. Supp. 3d 783, 790 (N.D. Ill. 2015); *Saud v. DePaul Univ.*, 2019 WL 557239, at *4 (N.D. Ill. Oct. 29, 2019). In response, Doe contends that this issue is premature to a motion to dismiss because her position as a Research Assistant at SIUC is a complicated one to assess to determine whether it is a full employment position or a student position. She argues that if she does not qualify as an employee as defined by Title VII, her Title IX claim should not be preempted.

The Seventh Circuit approaches this issue by analyzing the circumstances of the employee-employer relationship. *See Heinemeier v. Chemetco, Inc.*, 246 F.3d 1078, 1082 (7th Cir. 2001) ("look to the 'economic realities' of the relationship and degree of control the employer exercises.") (quoting *Knight v. United Farm Bureau Mut.*, 950 F.2d 377, 378-80 (7th Cir. 1991)). In determining whether Doe was an employee of SIUC, this Court employs the Seventh Circuit's approach and considers factors such as the control SIUC

exercised over Doe along with her compensation and benefits. *See Heinemeier*, 246 F.3d at 1083.

Applying the Seventh Circuit approach, a district court in the Northern District of Indiana found an employee-employer relationship in an employment discrimination case where the defendant university compensated the plaintiff for her work at the university and provided a temporal term of employment. *Ruiz v. Trustees of Purdue U.*, 2008 WL 833125, at *11 (N.D. Ind. Feb. 20, 2008), report and recommendation adopted, 2008 WL 833130 (N.D. Ind. Mar. 26, 2008).

Here, no specific facts evidencing SIUC's control exerted over Doe or payroll records have been presented. In her Amended Complaint, however, Doe admitted that she is a scientist who earned a Ph.D. in 2007 before being hired by SIUC; she was an employee at SIUC from 2016 to 2018; her title was Research and Education Specialist; her responsibilities include recruiting, training, mentoring students, performing research, grant writing, and administrative duties associated with her job; she reported to Renzaglia in her employment, who is a professor at SIUC; she was dependent on SIUC for her livelihood; she requested and took a leave of absence from her employment with SIUC; she claims that her employment at SIUC was constructively discharged following her FMLA leave; and she lost her livelihood after the discharge. Under the circumstances presented in this case, the Court finds that Doe was an employee of SIUC for Title VII purposes.

In *Waid*, the Seventh Circuit determined that Title VII preempted any of the plaintiff's equitable relief under Title IX. *Waid*, 91 F.3d at 862 ("It is well-established that

Title VII's own remedial mechanisms are the only ones available to protect the rights created by Title VII"). Although the *Waid* court only dealt with a claim for equitable relief,[2] other district courts in the Seventh Circuit followed the *Waid* holding and found that Title VII preempts Title IX claims. *Kowal-Vern v. Loyola Univ. of Chi.*, 2002 WL 1880131, at *5 (N.D. Ill. Aug. 14, 2002) ("Congress intended Title VII to exclude a damage remedy under Title IX for individuals alleging employment discrimination.") (citation omitted); *Blazquez v. Bd. of Educ. of City of Chicago*, 2006 WL 3320538, at *11 (N.D. Ill. Nov. 14, 2006) ("While the overall scope of Plaintiff's claims might seem more appropriately addressed as a systemic educational problem under Title IX, this particular claim is based upon the harassment Plaintiff herself suffered. There is therefore no reason to look beyond the comprehensive scope of remedies and actions available to Plaintiff under Title VII."); *Ludlow*, 125 F. Supp. 3d at 791. (A claim for employment discrimination under Title IX is preempted by Title VII.).

Accordingly, the Court finds that Count I Title IX claim is preempted by Title VII. The Court grants Defendants' Motion to Dismiss Count I.[3]

---

[2] The Seventh Circuit in *Waid* only dealt with a claim for equitable relief because the claim arose before the amendments to Title VII allowed for more than equitable relief. *See Waid*, 91 F.3d at 862; *Ludlow*, 125 F. Supp. 3d at 789. There is a circuit split on this issue: The Fifth and Seventh Circuits found that Title IX claims are preempted by Title VII while the First, Third, and Fourth Circuits found that Title IX rights are deemed independent of and not preempted by Title VII. *Compare Lakoski v. James*, 66 F.3d 751 (5th Cir 1995); *Waid*, 91 F.3d 857; *with Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881 (1st Cir. 1998); *Doe v. Mercy Catholic Medical Center*, 850 F.3d 545 (3th Cir. 2017); *Preston v. Com. Of Va. Ex Rel. New River Com. Col.*, 31 F.3d 203 (4th Cir. 1994).

[3] Because the Court dismisses Count I of Doe's Amended Complaint on the ground that Title VII preempts Title IX claim, the Court need not address the issues of actual notice and deliberate indifference raised by Defendants.

## II. Motion to Dismiss Claim under 42 U.S.C. § 1983 against Renzaglia (Count II)

Defendants first seek to dismiss the 42 U.S.C. § 1983 ("Section 1983") claim against Renzaglia on the basis that Renzaglia is entitled to qualified immunity if she is sued in her individual capacity.

To state a Section 1983 claim against Renzaglia in her individual capacity, Doe must allege that Renzaglia caused or personally participated in the statutory or constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995). Alleging liability based on theories of respondeat superior or negligent supervision of subordinates is not sufficient to establish a claim against an individual under Section 1983. *Wilson v. City of Chicago,* 6 F.3d 1233, 1241 (7th Cir. 1993). At the same time, to hold an individual liable under Section 1983, a plaintiff need not allege direct participation in the deprivation of constitutional rights. *Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir.1982).

An individual may be held liable under Section 1983 if "she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Id.* (citations omitted). Supervisors may be held liable for the misconduct of their subordinates where the "supervisors [knew] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." *Lanigan v. Village of East Hazel Crest, Ill.,* 110 F.3d 467, 477 (7th Cir.1997) (*quoting Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988). Such conduct by supervisors satisfies

the deliberate, reckless indifference standard required for liability under Section 1983. *Jones,* 856 F.2d at 993.

Doe properly states an equal protection claim pursuant to Section 1983 against Renzaglia in her individual capacity. Doe has alleged facts that, if accepted as true, establish that Renzaglia knew about Flowers's violent history with women and still pressured Doe into entering a romantic relationship with Flowers (Doc. 29, ¶¶ 36, 37). Doe alleges that she informed Renzaglia of Flowers's sexual harassment on March 25, 2018, and that Renzaglia did not report the complaint until April 20, 2018—after Doe told Renzaglia that she was planning to report Flowers to the police (*Id.* at ¶¶51, 53). After reporting his conduct, Renzaglia failed to confiscate Flowers's key to Doe's workplace following her report of the assaults (*Id.* at ¶67).

Assuming Doe's allegations are true, a reasonable inference can be drawn that Renzaglia was aware of the conduct but intentionally disregarded it. Doe also alleged that Renzaglia failed to take any corrective action. Thus, Doe has established that Renzaglia was aware of the conduct, facilitated it, approved it, condoned it, or even turned a blind eye to the alleged harassment.

Renzaglia is not entitled to the defense of qualified immunity. Under this defense, a government official is shielded from liability for performing discretionary functions "insofar as [the] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lanigan*, 110 F.3d at 471–72 (quotations omitted). Sexual harassment has long been recognized as a violation of the Equal Protection Clause. *See Bohen v. E. Chi.*, 799 F.2d 1180, 1185 (7th Cir. 1986). A

supervisor, like Renzaglia, is liable under Section 1983 for the misconduct of her subordinates if the supervisor acts with deliberate, reckless indifference. *See Jones*, 856 F.2d at 993.

Here, the qualified immunity defense fails because Doe alleges that Renzaglia intentionally disregarded the conduct she reported. Accordingly, the Court denies Defendants' motion to dismiss Count II with respect to Renzaglia in her individual capacity.

As for Defendants' next argument, while Count II of the Amended Complaint clearly states that Renzaglia is "sued herein in her individual capacity," for the sake of clarification, this Court agrees that Renzaglia is immune from suit under Section 1983 regarding her official capacity, which closes the door on any claim by Doe for compensatory damages from SIUC under Section 1983 (Doc. 29, ¶ 93). The Supreme Court has ruled that Section 1983 applies to "persons" acting under color of law, and that it is not applicable to government entities. *Monroe v. Pape*, 365 U.S. 167, 190-92 (1961). The Court further reiterated its holding in *Will v. Michigan Department of State Police*, where the Court held that neither a State nor its officials acting in their official capacities are "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491, U.S. 58, 71 (1989).

SIUC, a state university which is considered to be an arm of the State, qualifies as a "State" for purposes of Section 1983. *See Turpin v. Koropchak*, (S.D. Ill. June 11, 2008); *see also Kaimowitz v. Bd. of Trs. of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991) (finding that a state university is not a person within the meaning of Section 1983). Renzaglia, acting in her official capacity, is not a "person" under Section 1983. *See Will*, 491, U.S. at 71.

Defendants also allege that Doe failed to state a claim for constitutional violation under Section 1983. This Court addressed the constitutional violation in the discussion on the applicability of the defense of qualified immunity and disagrees.

Therefore, this Court denies Defendants' Motion to Dismiss Count II.

### III. Motion to Dismiss Negligence and Negligent Supervision Claim against SIUC (Count V)

Lastly, Defendants argue that Count V regarding negligence and negligent supervision should be dismissed due to lack of subject matter jurisdiction because the Illinois Court of Claims has exclusive jurisdiction over all claims sounding in tort against the Board of Trustees of SIU. *See* 705 ILCS 505/8(d). In her response, Doe seeks to voluntarily dismiss Count V. Accordingly, this Court dismisses Count V.

#### CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (Docs. 34, 35). Specifically, the motion is **GRANTED** as to Counts I and V, and those claims are **DISMISSED with prejudice.** The motion is **DENIED** as to Count II. The action will proceed on Counts II, III, and IV only.

**IT IS SO ORDERED.**

DATED: August 13, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**