IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE 5,<br><br>      **Plaintiff,**<br><br>v.<br><br>SOUTHERN ILLINOIS UNIVERSITY, d/b/a SOUTHERN ILLINOIS UNIVERSITY AT CARBONDALE, DR. KAREN RENZAGLIA, and JON L. SHAFFER,<br><br>      **Defendants.** | Case No. 19-CV-00934-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In their new Motion to Dismiss (Doc. 78), Defendants bring up three issues. The Court will briefly address the issues in turn.

**I.  REPLEADING OF PREVIOUSLY DISMISSED COUNT I**

The Court previously dismissed Count I with prejudice (Doc. 55). Afterwards, despite its dismissal, Plaintiff Jane Doe included the count in her amended complaint for appeal purposes. There is no value in repleading claims that the Court has previously rejected. Any notion that including the claim anew preserves the dismissed claim for appeal seems to suppose that learned judges of the United States Court of Appeals for the Seventh Circuit are incapable of finding previous complaints, motions, and orders in the record to determine where the case is procedurally and substantively. While granting dismissal again here would be superfluous, the Court

finds it necessary to make it abundantly clear to Doe that she should not have included this count in the operative Complaint and counsel should refrain from doing this again in future cases in this Court.

## II. MOTION TO DISMISS CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT JON L. SHAFFER IN COUNT II

Doe has alleged that Defendant Shaffer was an employee of Southern Illinois University and, as the Director of University Housing, "was responsible for determining whether dangerous persons were allowed to be present in certain buildings on campus in this matter" (Doc. 77, p. 3). Doe states that the SIU Student Rights and Responsibilities Office issued a notice suspending Nicholas Flowers from university property and events (*Id.* at 11). Doe states she heard the next day that Flowers was allowed into the Life Sciences Building where she worked because the notice suspending him was a mistake (*Id.*). Doe then claims that Shaffer rescinded the suspension, said it was in error, and removed the suspension from campus (*Id.*). Doe alleges that an order of protection she obtained from the Circuit Court in Jackson County, Illinois still stated that Flowers was not allowed to be in the Life Sciences building if she was present (*Id.* at 10-11). Does states that Flowers maintained a key to her workplace (*Id.* at 11-12).

Does later states that Shaffer put her in danger after she reported her abuse despite the order of protection (Doc. 77, p. 17). Does claims that Flowers was permitted to attend classes, enter the laboratory, and be around her without oversight, supervision, or restrictions despite Shaffer's knowledge of the risk of harm to her (*Id.*). Doe alleges that she suffered emotional distress and psychological

damage because of Shaffer's actions (*Id.* at 18).

To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must provide enough "factual enhancement" to "[nudge] their claims across the line from conceivable to plausible . . . ." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

When applying this standard, the court must "accept as true all factual allegations in the amended complaint and draw all permissible inferences in [the non-moving plaintiff's] favor." *Bible v. United Student Aid Funds, Inc.,* 799 F.3d 633, 639 (7th Cir. 2015). In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013), *quoting Twombly,* 550 U.S. at 556. However, allegations that merely state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to this assumption of truth. *Ashcroft v. Iqbal*, 566 U.S. at 678.

To state a Section 1983 claim against Shaffer in his individual capacity, Doe must allege that he caused or personally participated in the statutory or constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995).

Here, Doe properly stated an equal protection claim pursuant to Section 1983 against Shaffer in his individual capacity. Doe alleged facts that, if accepted as true,

establish that Shaffer permitted Flowers to enter the building where she worked on campus without any parameters after a court-issued order of protection banned him from the building while she was there. Defendant attempts to add context and extraneous facts to counter the claim, but those addenda are not proper at the motion to dismiss stage.

Shaffer is also not entitled to the defense of qualified immunity at this stage. Under this defense, a government official is shielded from liability for performing discretionary functions "insofar as [the] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 471–72 (7th Cir. 1997) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Sexual harassment has long been recognized as a violation of the Equal Protection Clause. *See Bohen v. E. Chi.*, 799 F.2d 1180, 1185 (7th Cir. 1986).

Here, the qualified immunity defense fails because Doe alleged that Shaffer disregarded a court order of protection and failed to create parameters that prevented contact to prevent future harassment or the threat thereof. Accordingly, the Court **DENIES** Defendants' motion to dismiss Count II with respect to Shaffer in his individual capacity.

### III.  RELITIGATING THE PREVIOUSLY DENIED MOTION FOR DISMISSAL OF DEFENDANT DR. KAREN RENZAGLIA IN COUNT II

Defendants apparently forgot about the previous Court Order as well. In the Motion (Doc. 78), they relitigate the argument in their previous motion to dismiss (Doc. 55) asking this Court to dismiss Renzaglia from Count II of the complaint based

on qualified immunity. Because the previous Order already rejected Defendants' qualified immunity argument and denied dismissal of Renzaglia, the Court **FINDS** that the issue is **MOOT** and **DENIES** dismissal.

**IT IS SO ORDERED.**

DATED:  September 30, 2021

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**